**Fatou NDIAYE, Petitioner,**

v.

States District Judge for the Eastern District

Eric H. HOLDER, Jr.,[1] Attorney
General of the United States,
Respondent.

No. 08–2754.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 23, 2009.

Filed: Oct. 28, 2009.

Raymond Reza Bolourtchi, Cofman &
Bolourtchi, Ladue, MO, for Petitioner.

Sharon Michele Clay, Karen Yolanda
Drummond, Richard M. Evans, Sada Man-
ickam, U.S. Department of Justice, Wash-
ington, DC, for Respondent.

Before WOLLMAN, RILEY, and
SMITH, Circuit Judges.

PER CURIAM.

Fatou Ndiaye, a citizen of Mauritania,
petitions for review of an order of the
Board of Immigration Appeals (BIA),
which affirmed an immigration judge's
(IJ's) denial of asylum, withholding of re-
moval, and relief under the Convention
Against Torture (CAT).

Upon careful review, we conclude
that the BIA and the IJ provided specific,
cogent reasons for finding Ndiaye not
credible: Ndiaye's testimony lacked detail
and specificity regarding the alleged inci-
dents of persecution, and she did not pres-
ent other evidence to corroborate her testi-
mony. *See Redd v. Mukasey*, 535 F.3d
838, 842–43 (8th Cir.2008) (combination of

of Missouri.

1. Eric H. Holder, Jr., has been appointed to
serve as Attorney General of the United
States, and is substituted as respondent pur-
suant to Federal Rule of Appellate Procedure
43(c).

adverse credibility finding and lack of credible corroborating evidence means asylum claim fails); *Yakovenko v. Gonzales*, 477 F.3d 631, 636 (8th Cir.2007) ("Vague histories and general information lack the type of detail an IJ can reasonably expect and may form the basis of an adverse credibility assessment."); *Nyama v. Ashcroft*, 357 F.3d 812, 817 (8th Cir.2004) (per curiam) (IJ may demand corroborating evidence where asylum applicant's narrative is not credible). We also conclude that substantial evidence supports the IJ's and BIA's finding that Ndiaye did not establish a reasonable fear of future persecution because of changed country conditions. *See Regalado–Garcia v. INS*, 305 F.3d 784, 788 (8th Cir.2002) (reasonable-ness of petitioner's fear of persecution may be undermined by changed country conditions). Because Ndiaye alleged the same factual basis for all of her claims, the denial of her asylum claim dictated the denial of her withholding-of-removal and CAT claims. *See Zine v. Mukasey*, 517 F.3d 535, 541 (8th Cir.2008); *Samedov v. Gonzales*, 422 F.3d 704, 708–09 (8th Cir. 2005).

Accordingly, we deny the petition.